IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARKUS TRENT #326406 | * | |
| Plaintiff | | |
| | * | |
| v. | | CIVIL ACTION NO. CCB-12-2627 |
| | * | |
| DEPARTMENT OF PUBLIC SAFETY AND | | |
| CORRECTIONAL SERVICES | * | |
| COMMISSIONER OF CORRECTION J. | | |
| MICHAEL STOUFFER | * | |
| COMMITMENT OFFICE SUPERVISOR | | |
| JODIE STOUFFER[1] | * | |
| GLORIA KEARSON | | |
| KAREN GARDNER | * | |
| KIM GOUGH | | |
| DAWN GROVE | * | |
| MARCENE KIPE | | |
| Defendants | * | |

MEMORANDUM

On September 4, 2012, Markus Trent, presently incarcerated at the Baltimore City Correctional Center ("BCCC"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983, seeking lost wages and other monetary damages, declaratory relief stating that he has been unlawfully detained, and injunctive relief mandating his immediate release from custody.[2] ECF No. 1 at 10-11. The case is before the court on defendants' motion to dismiss or in the alternative motion for summary judgment (ECF No. 15), which shall be treated as a motion to dismiss, and Trent's oppositions thereto. ECF Nos. 19, 20, 21 and 22. Resolution of the case

---

[1] The Clerk shall amend the docket to reflect the full and proper spelling of defendants' names;

[2] Trent also requests that one or more of the named defendants, who are state employees, be suspended from his or her job. ECF No. 1 at 10. Because the request would compel a certain action by the state and/or its agents, the court concludes that Trent seeks mandamus relief. See 28 U.S.C. § 1361. Federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. The district court, however, has no mandamus jurisdiction over state employees and cannot compel a Maryland state agency to take a particular action. See Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 586-87 (4th Cir. 1969).

will not require a hearing.[3] *See* Local Rule 105.6. (D. Md. 2011).

Background

Commitments Under DOC No. 281-339

Trent has a history of incarceration within Maryland's Division of Correction ("DOC") dating to 1998, when he received a series of concurrent and consecutive sentences that aggregated into a term of confinement commencing November 8, 1998 and ending November 8, 2001.[4] ECF No. 15, Exs. 3-8. Trent was paroled from this aggregated period of confinement on February 1, 2000. *Id.*, Ex. 4.

Commitments Under DOC No. 298-576

On December 11, 2000, Trent was sentenced to two years incarceration imposed by the District Court for Baltimore County, commencing October 20, 2000. *Id.*, Ex. 9. Upon reincarceration, Trent was issued DOC number 298-576. *Id.*, Ex. 2, p. 3. His maximum expiration date on this new term of confinement was October 20, 2002. *Id.*, Ex. 10, p. 2. Despite this new arrest and conviction, parole for the previous convictions (served under DOC No. 281-339) was not revoked. *Id.*, Ex. 11. During this period of incarceration, Trent received an additional three-year sentence imposed by the District Court for Baltimore County, to run consecutively to the last sentence to expire for all outstanding and unserved Maryland sentences.

---

[3] Trent's request for appointment of counsel (ECF No. 18) remains pending. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id.* Having considered plaintiff's filings, the court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. The issues pending before the court do not appear unduly complicated. Therefore, there are no exceptional circumstances at this time that would warrant the appointment of an attorney to represent plaintiff under § 1915(e)(1).

[4] Trent served all of these sentences under DOC prisoner number 281-339. ECF No. 15, Ex. 2, p. 2 (Affidavit of Jodie Stouffer, Director of the Commitment Unit for the Maryland Department of Public Safety and Correctional Services ("DPSCS").

2

His maximum expiration date for incarceration increased from October 20, 2002 to October 20, 2005. *Id.*, Exs. 10, 13. Trent successfully appealed the District Court conviction; as a result, the three-year sentence was removed from the term of confinement under DOC No. 298-576. *Id.* On March 21, 2001, the District Court for Anne Arundel County found Trent in violation of probation and committed him to the DOC for 366 days, to run consecutively to the last-to-expire outstanding and unserved Maryland sentences. This increased his maximum expiration date of confinement from October 20, 2002 to October 21, 2003. *Id.*

On July 11, 2001, the Circuit Court for Baltimore County sentenced Trent to fifteen years incarceration, all but ten years suspended with five years probation following release from incarceration, commencing October 19, 2000. *Id.*, Ex. 16; Ex. 10. Trent's maximum date of confinement was adjusted to October 19, 2010.[5] Trent was paroled on July 15, 2003, *id.*, Ex. 10, but returned to custody on September 29, 2004, on a warrant issued by the Maryland Parole Commission ("MPC").[6] *Id.*, Ex. 10.

Commitment Under DOC No. 326-406

On January 6, 2005, Trent was sentenced to ten years incarceration, commencing June 23, 2004, in the Circuit Court for Baltimore County. *Id.*, Ex. 20. His maximum expiration date was therefore June 23, 2014. *Id.*, Exs. 10 and 21. On March 10, 2005, the MPC continued Trent's parole under DOC No. 298-576, and he remained in custody to serve his new sentence under DOC No. 326-406. *Id.*, Ex. 22.

On August 26, 2005, however, the Circuit Court for Baltimore County found Trent in

---

[5] An additional three-year sentence imposed by the Circuit Court for Baltimore County on July 11, 2001, commencing December 14, 2000, did not affect the maximum expiration date of Trent's term of confinement, which remained October 19, 2010. *Id.*, Ex. 17.

[6] On November 29, 2004, the District Court for Baltimore City sentenced Trent to one year of incarceration commencing October 5, 2004. That court ordered his release from the sentence the next day. *Id.*, Exs. 18 and 19.

3

violation of the probation imposed in July of 2001, and committed him to the DOC for fifty-four months, consecutive to the last sentence to expire of all outstanding and unserved Maryland sentences.[7] *Id.*, Exs. 16 and 23. This sentence extended his maximum expiration date of confinement from June 23, 2014, to November 25, 2018. *Id.*, Ex. 22. On April 28, 2009, the sentencing court suspended the balance of the ten-year sentence, *id.*, Ex. 24; as a result, the 54-month sentence was calculated to commence on April 28, 2009, resulting in an adjusted maximum expiration date of September 30, 2013.

On June 24, 2009, Trend was released on mandatory supervision under DOC No. 326-406 after application of 1,559 diminution of confinement credits subtracted from the September 30, 2013 maximum expiration date of his term of confinement. *Id.*, Ex. 25. After remaining "on the street" for 596 days, Trent was returned to DOC custody on February 10, 2011, charged with parole violation. *Id.*, Ex. 21. The MPC revoked his release and rescinded all diminution credits on October 7, 2011, granting Trent "street time credit"[8] from July 1, 2010 to October 1, 2010, a period of 92 days. *Id.*, Exs. 21 and 26. The balance of time out-of-custody not allowed by the MPC (596 days minus 92 days, for a total of 504 days) was added to the September 30, 2013 maximum expiration date of Trent's term of confinement, resulting in a maximum expiration date of February 16, 2015.[9] *Id.*, Ex. 21.

Analysis

Trent's complaint and opposition responses list a plethora of grievances concerning the computation of his various sentences under his three DOC commitment numbers and reference

---

[7] Trent was given 29 days' credit for time served prior to sentencing. *Id.*, Ex. 22.

[8] Street time credit permits time spent on parole supervision to be counted as time spent incarcerated on the term of confinement at issue.

[9] Trent is precluded from earning additional diminution credits under Md. Code Ann., Corr. Serv. Art. § 7-504(c).

4

miscalculations concerning various credits permitted under state law and regulations. As a result of these errors, he claims his release date has been improperly extended and his current detention is illegal.

Preliminarily, the court notes that the Constitution itself does not create a protected liberty interest in the expectation of early release on parole. *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U. S. 1, 7 (1979); *see also Jago v. Van Curen*, 454 U. S. 14, 18 (1981) (mutually explicit understanding that inmate would be paroled does not create liberty interest). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz*, 442 U.S. at 7. "It is therefore axiomatic that because . . . prisoners have no protected liberty interest in parole they cannot mount a challenge against a state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).

Furthermore, sentence and diminution credit calculation issues generally are issues of state law and do not give rise to a federal question. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pringle v. Beto*, 424 F.2d 515, 516 (5th Cir. 1970); *see also McCray v. Rosenblatt*, 1994 WL 320212 (4th Cir. July 6, 1994) (per curiam) (unpublished). Violation of a state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice". *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U. S. 424, 428 (1962)). If a "claim . . . rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F. 3d 151, 157 (4th Cir. 1998); *see Smith v. Moore*, 137 F.3d 808, 822 (4th Cir. 1998) (refusing to entertain claim that jury instruction misstated South Carolina law). A claim

5

that a parolee has not been properly credited for time spent on parole does not raise a federal claim. *See Williams v. Warden of Maryland Penitentiary*, 120 A. 2d 184 (1956) (failure to exercise discretion to grant credit for time spent on parole did not deprive prisoner of constitutional right).

Even if this court were to assume that Trent presented a federal question, the case would be subject to the exhaustion requirement of 28 U.S.C. § 2254(b), because Trent's request for release lies in the nature of habeas corpus pursuant to 28 U.S.C. §2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment). Thus, before seeking federal habeas corpus relief, Trent must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). Each claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and where appropriate the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The exhaustion requirement affords state courts the first opportunity to review federal constitutional challenges to state convictions and thus preserves the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

A Maryland prisoner seeking to challenge the calculation of his term of confinement may do so through both administrative and judicial remedies. If not entitled to immediate release

upon application of the credits sought, he or she may file a grievance with the Inmate Grievance Office ("IGO"). *See generally Adamson v. Correctional Medical Services, Inc.*, 753 A.2d 501 (2000); Md. Code Ann., Corr. Servs. ("CS") § 10-206(a) (2008 Repl. Vol.). If the grievance is not found wholly lacking in merit on its face, it is referred to the Office of Administrative Hearings ("OAH") for a hearing before an administrative law judge. *Id.* at § 10-207(c). An order of the OAH finding that an inmate's complaint is lacking in merit constitutes the final decision of the Secretary of Public Safety and Correctional Services ("Secretary") for purposes of judicial review. *Id* at § 10-209(b). If the OAH finds that the grievance is meritorious, an order is forwarded to the Secretary. The Secretary may affirm, reverse, or modify the order of the OAH. *Id.* at § 10-209(c).

An appeal of the Secretary's decision lies with the "circuit court of the county in which the complainant is confined." *Id.* at § 10-210(b)(2). If unsuccessful at the administrative level, the prisoner may thereafter seek review in the Maryland Court of Special Appeals by application for leave to appeal, CS § 10-210(c)(2), and, if the Maryland Court of Special Appeals grants the application for leave to appeal but denies relief on the merits, he may then seek review in the Maryland Court of Appeals by petition for writ of *certiorari*. *See Williams v. State*, 438 A.2d 1301 (1981); Md. Code Ann., Cts. & Jud. Proc. § 12-202.

If the prisoner alleges entitlement to immediate release and makes a colorable claim that he has "served the entire sentence less any mandatory [diminution] credits," he may seek relief directly from Maryland courts by petition for a writ of habeas corpus. *See Maryland House of Correction v. Fields*, 703 A.2d 167, 175 (1997). He may appeal a circuit court's decision denying habeas corpus relief to the Maryland Court of Special Appeals, and may thereafter seek *certiorari* in the Maryland Court of Appeals. *See generally Stouffer v. Pearson*, 887 A.2d 623

(2005); *Stouffer v. Staton*, 833 A.2d 33 (2003); *Jones v. Filbert*, 843 A.2d 908 (2004). There is no indication that Trent has presented any of his claims in the state forums available to him. He thus has failed to satisfy the exhaustion requirement necessary before demanding release from incarceration here.

Defendants' motion to dismiss shall be granted, and the case dismissed without prejudice. A separate order shall be entered in accordance with this memorandum.

Date: May 13, 2013

/s/
Catherine C. Blake
United States District Judge